**HUNTER PYLE, SBN 191125**
**CHAD SAUNDERS, SBN 257810**
**VINCENT CHEN, SBN 311883**
HUNTER PYLE LAW
428 Thirteenth Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile:  (510) 444-4410
Emails: hunter@hunterpylelaw.com;
csaunders@hunterpylelaw.com;
vchen@hunterpylelaw.com

**MONIQUE OLIVIER, SBN 190385**
**KATHARINE CHAO, SBN 247571**
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
Emails: monique@osclegal.com;
kathy@osclegal.com

Attorneys for Plaintiff EVAN TOOLAJIAN and the Putative Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| EVAN TOOLAJIAN on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>AIR METHODS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No. 3:18-cv-06722-EDL<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. **FAILURE TO PAY ALL WAGES DUE** (Labor Code §§ 1182.11-1182.13, 1194, and 1194.2; IWC Wage Order No. 9);<br>2. **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS** (Labor Code §§ 226.7 and 512; IWC Wage Order No. 9);<br>3. **FAILURE TO AUTHORIZE AND PERMIT REST PERIODS** (Labor Code § 226.7; IWC Wage Order No. 9);<br>4. **FAILURE TO REIMBURSE BUSINESS EXPENSES** (Labor Code § 2802);<br>5. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** (Labor Code § 226; IWC Wage Order No. 9); |

Case No. 3:18-cv-06722-EDL
**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

6. **UNLAWFUL BUSINESS PRACTICES (Business & Professions Code §§ 17200** *et seq.***);**
7. **VIOLATIONS OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (Labor Code § 2698,** *et seq.***)**

**DEMAND FOR JURY TRIAL**

1  **I.   INTRODUCTION**

2  1.   This is a class action under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), brought by plaintiff EVAN TOOLAJIAN ("Plaintiff").

3  2.   Plaintiff seeks to represent a class comprised of current and former pilots employed by defendant AIR METHODS CORPORATION ("AMC") in the State of California ("Class Members").

4  3.   AMC provides intrastate community-based air medical transport services by helicopter and airplane.

5  4.   AMC has employed Plaintiff and Class Members as pilots. Plaintiff is an adult citizen and a resident of the State of California. Plaintiff has worked for AMC since December 2013.

6  5.   Plaintiff and Class Members work shifts that are 12 hours long. Plaintiff and Class Members perform certain job duties before the start of their shifts, including, but not limited to, preflight inspections and shift change briefings. Plaintiff and Class Members report all of their on-duty time to AMC, which reports such time to the Federal Aviation Administration ("FAA"). However, AMC has not and does not pay Plaintiff or Class Members for time spent working before the start of their shifts.

7  6.   AMC also has not and does not provide Plaintiff and Class Members with off-duty meal periods, as required by California law, and has not and does not pay one additional hour of pay at Plaintiff's and Class Members' respective regular rates of compensation for each workday that they were not provided an adequate off-duty meal period.

8  7.   AMC also has not and does not authorize and permit Plaintiff and Class Members to take off-duty rest periods, as required by California law, and has not and does not pay one additional hour of pay at Plaintiff's and Class Members' respective regular rates of compensation for each workday that they were not authorized or permitted to take an adequate off-duty rest period.

9  8.   AMC has failed to reimburse Plaintiff and Class Members for their reasonable business expenses, including but not limited to, the costs of work-related personal cell phone usage.

//

9.   AMC has also failed to provide Plaintiff and Class Members with accurate wage statements showing all hours worked and the number of hours worked at each hourly rate.

10.   By failing to properly compensate Plaintiff and Class Members, AMC has sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including but not limited to: the duties to pay wages owed and to document employees' actual hours worked (Labor Code §§ 226, 1194, 1194.2, 1197, and 1198; IWC Wage Order No. 9-2001 ("Wage Order No. 9"), § 4); the duties to provide meal periods and to authorize and permit rest periods (Labor Code §§ 226.7 and 512; Wage Order No. 9, §§ 11 and 12); and other related legal obligations.[1]

11.   Plaintiff brings claims on behalf of Class Members for unpaid minimum wages, payments for meal and rest periods, unreimbursed business expenses, inadequate wage statements, and statutory and civil penalties, interest, and attorneys' fees and costs under Labor Code sections 218.5, 226.7, 1194, and 2802, and Code of Civil Procedure section 1021.5. Plaintiff, on behalf of himself and the Class Members, also seeks equitable and injunctive relief for these violations pursuant to Business and Professions Code sections 17200-17208 (also referred to herein as the "UCL").

12.   Plaintiff also brings a claim seeking penalties under the Private Attorneys General Act, Labor Code sections 2698 *et seq.* ("PAGA").

## II.   JURISDICTION

13.   Plaintiff filed the original complaint in this case in the Superior Court of California—County of Alameda.

14.   On November 5, 2018, Defendant removed this case to the United States District Court for the Northern District of California.

## III.   PARTIES

**A.   PLAINTIFF**

15.   Plaintiff and all Class Members are current or former pilots employed by AMC in California at any time during the period beginning four years prior to the filing of this Complaint to

---

[1] All further references are to California statutes unless indicated otherwise.

1  the present (the "Class Period").

2      16.    Plaintiff EVAN TOOLAJIAN is a resident of Oakland, California and has worked for AMC as a pilot from December 2013 until the present. AMC did not compensate Plaintiff for missed meal or rest periods, or for work performed before the start of his shift. AMC also failed to reimburse Plaintiff for the costs of his work-related personal cell phone usage.

**B.  DEFENDANT**

    17.    Defendant AMC provides intrastate community-based air medical transport services by helicopter and airplane throughout California.

### IV.  STATEMENT OF FACTS

    18.    AMC provides intrastate community-based air medical transport services by helicopter and airplane throughout California.

    19.    Plaintiff is informed and believes and thereon alleges that, throughout the relevant time period of this action, AMC employed at least 60 Class Members.

    20.    At all times relevant hereto, the California Labor Code and Wage Order No. 9 have applied to Plaintiff and to all Class Members.

    21.    Plaintiff is informed and believes and thereon alleges that, through common practices, policies and/or schemes, AMC has failed to pay Plaintiff and Class Members all wages due, including compensation for missed meal and rest periods, in order to systematically deprive them of the benefits and protections applicable to employees under California law.

    22.    Plaintiff's and Class Members' primary job duty is to fly helicopters and airplanes. Plaintiff and other Class Members are or were employees of AMC.

    23.    Plaintiff and Class Members have not been paid for all hours worked. Plaintiff and Class Members were suffered or permitted to perform certain duties before their shift began, but were not paid for time spent performing those duties. For example, Plaintiff and Class Members conduct a preflight inspection before their shifts begin. Plaintiff and Class Members also perform shift change briefings with the pilot going off duty. Plaintiff and Class Members are and were not paid for the time spent performing these duties.

//

24. For example, Plaintiff worked 88.4 hours during the pay period between March 18, 2018, and March 31, 2018. However, Plaintiff was only paid for 86 hours.

25. AMC requires Plaintiff and Class Members to continuously work 12 hour shifts without providing off-duty meal periods. AMC does not pay Plaintiff and Class Members one additional hour of pay for each workday that an off-duty meal period was not provided.

26. AMC requires Plaintiff and Class Members to continuously work 12 hour shifts without authorizing or permitting off-duty rest periods. AMC does not pay Plaintiff and Class Members one additional hour of pay for each workday that an off-duty rest period was not authorized or permitted.

27. Further, AMC required Plaintiff and Class Members to use their personal cell phones for work-related purposes. AMC did not reimburse Plaintiff and Class Members for the costs of the work-related use of their cell phones.

28. The wage statements provided by AMC to Plaintiff and Class Members fail to accurately state the actual number of hours worked or the applicable hourly rates.

## V.    CLASS ACTION ALLEGATIONS

29. Except as to the Seventh Cause of Action brought under PAGA, Plaintiff brings this lawsuit as a class action pursuant to Rule 23 on behalf of himself and all similarly situated employees.

30. The class Plaintiff seeks to represent ("Class") is defined as:

> All current and former pilots employed by AMC in California at any time during the Class Period.

31. The requirements of Rule 23(a) are met because the class is numerous, common questions of law and fact exist, the named plaintiffs are typical of the class and will adequately represent the interests of the class with no conflicts, as factually explained above. Class counsel is experienced in class action litigation. Further, this case may be brought under Rule 23(b)(3) because common questions of law or fact predominate over any individual issues, and a class action is superior to other available method to fairly and efficiently adjudicate the controversy, as alleged above. Finally, this case may be brought under Rule 23(c)(4) as a class action for particular issues.

32. The common issues of law and fact that predominate over issues affecting individual class members are, without intending any limitation, as follows:

    a. Whether AMC violated Labor Code sections 226.2, 1182.11-1182.13, 1194, 1194.2, 1197 and 1198 by failing to pay Class Members for all work performed, including time spent performing work duties before their shifts began;

    b. Whether AMC violated Labor Code sections 226.7 and 512 by failing to provide off-duty meal periods to Class Members;

    c. Whether AMC violated Labor Code section 226.7 by failing to authorize and permit off-duty rest periods for Class Members;

    d. Whether AMC violated Labor Code section 2802 by failing to reimburse or indemnify to Class Members for business-related expenses, including but not limited to the costs incurred by using their personal cell phones for work-related purposes;

    e. Whether AMC knowingly and intentionally failed to provide to Class Members with itemized wage statements showing all hours worked and the applicable hourly rates, as required by Labor Code section 226;

    f. What relief is necessary to remedy AMC's unfair and unlawful conduct as herein alleged; and

    g. Other questions of law and fact.

33. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class. Plaintiff was employed by AMC during the Class Period as a pilot in California. Plaintiff and all members of the Class have sustained injuries-in-fact due to their damages arising out of and caused by AMC's common course of conduct in violation of law, as alleged herein.

34. <u>Adequacy of Representation</u>: Plaintiff is a member of the Class that he seeks to represent, and will fairly and adequately represent and protect the interests of the Class Members. Counsel representing Plaintiff are competent and experienced in litigating wage and hour class actions.

35. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not

practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has suffered injury and is entitled to recover by reason of AMC's illegal policies and/or practices as alleged herein. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Further, the prosecution of separate actions against AMC by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for AMC.

## VI.  DAMAGES

36. As a direct, foreseeable, and proximate result of AMC's conduct, Plaintiff and similarly situated pilots are owed, among other things, wage compensation plus interest and liquidated damages, payments for meal and rest period violations, wage statement penalties under Labor Code section 226, reimbursement for business expenses under Labor Code section 2802, and other statutory penalties, in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

## VII.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES DUE**
**(Labor Code §§ 1182.11-1182.13, 1194 and 1194.2;**
**Wage Order No. 9)**

37. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated pilots employed by AMC in California.

38. At all times relevant to this action, Plaintiff and Class Members were employed by AMC within the meaning of the Labor Code and Wage Order No. 9.

39. Throughout the Class Period, Labor Code sections 1182.11-1182.13 and 1197, and Wage Order No. 9 were in full force and effect and required that AMC's non-exempt employees receive at least the applicable minimum wage for all hours that they were suffered or permitted to work, whether or not they were required to do so.

40. Throughout the Class Period, as a result of the policies and practices set forth herein, AMC failed to pay Plaintiff and Class Members, and continually fails to pay them, wages as required by law for all hours that they were suffered or permitted to work. Specifically, AMC has failed to pay Plaintiff and other Class Members for their time spent performing work before their shifts began.

41. As a direct and proximate result of AMC's acts and/or omissions, Plaintiff and Class Members have suffered economic damages in amounts to be determined at trial.

42. Labor Code section 1194(a) provides that an employee who has not been paid wages as required by section 1197 may recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

43. Labor Code section 1194.2 provides that employees who have not been paid at least minimum wages for their hours worked are entitled to recover liquidated damages in an amount equal to the wages that a defendant unlawfully failed to pay them in amounts according to proof at the time of trial.

44. Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages and other relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
### (Labor Code §§ 226.7and 512; Wage Order No. 9)

45. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated pilots employed by AMC in California.

46. Throughout the Class Period, California Labor Code sections 226.7 and 512, and Wage Order No. 9 were in full force and effect and required AMC to provide employees who worked in excess of five hours a day at least a 30 minute meal period in which they were relieved of all duties, and to pay one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided.

//

47. Plaintiff and other Class Members have regularly worked in excess of five hours a day without being provided at least a 30 minute meal period in which they were relieved of all duties, as required by Labor Code sections 226.7 and 512, and Wage Order No. 9, section 11(A).

48. Because AMC failed to provide meal periods, it is liable to Plaintiff and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code sections 226.7(b) and 512 and Wage Order No. 9, section 11(D).

49. Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages and other relief as described below.

## THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT OFF-DUTY REST PERIODS
(Labor Code § 226.7; Wage Order No. 9)

50. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated pilots employed by AMC in California.

51. Plaintiff and other Class Members have regularly worked in excess of three and one-half (3½) hours a day without being authorized or permitted to take at least a ten minute off-duty rest period for every four hours worked, or major fraction thereof, as required by Wage Order No. 9, section 12, and Labor Code section 226.7.

52. Because AMC failed to permit proper paid rest periods, AMC is liable to Plaintiff and other Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper rest periods were not authorized, pursuant to Labor Code section 226.7(b) and Wage Order No. 9, section 12(B).

53. Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages and other relief as described below.

//

//

//

# FOURTH CAUSE OF ACTION

## FAILURE TO INDEMNIFY EMPLOYEES FOR BUSINESS-RELATED EXPENSES
### (Labor Code § 2802)

54. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated pilots employed by AMC in California.

55. Labor Code section 2802 provides, in pertinent part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…. For purposes of this section, the term 'necessary expenditures or losses' shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

56. While acting on the direct instructions of AMC and discharging their duties for AMC, Plaintiff and Class Members incurred work-related business expenses, including, but not limited to, costs of using their personal cell phones and related devices, for which AMC failed to reimburse them.

57. By requiring Plaintiff and Class Members to incur business expenses in direct consequence of the discharge of their duties for AMC and/or in obedience to AMC's direction without fully reimbursing or indemnifying these employees for their expenses, AMC violated and continues to violate Labor Code section 2802.

58. As a direct and proximate result of AMC's unlawful practices and policies, Plaintiff and Class Members have suffered monetary losses, and are entitled to restitution of all expenses incurred in the performance of their work duties, interest thereon, reasonable attorneys' fees and costs, and all applicable statutory penalties available for AMC's violations of Labor Code section 2802.

59. Plaintiff, on behalf of himself and the Class, requests reimbursement and/or indemnification for required business expenses as stated herein and other relief as described below.

//

//

//

# FIFTH CAUSE OF ACTION
## WAGE STATEMENT PENALTIES
### (Labor Code § 226)

60. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated pilots employed by AMC in California.

61. Labor Code section 226(a) requires employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked and wages earned by the employee, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

62. Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial violation and one hundred dollars ($100.00) for each subsequent violation, up to a maximum of four thousand dollars ($4,000.00).

63. AMC knowingly and intentionally failed to furnish Plaintiff and the other Class Members with timely, accurate, itemized statements showing the actual total hours worked by each of them, as well as all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, as required by Labor Code section 226(a).

64. Plaintiff and Class Members were damaged by this failure because, among other things, they could not readily determine whether AMC had paid them for all hours worked at the correct rate.

65. As a result, AMC is liable to Plaintiff and the Class Members for the amounts provided by Labor Code section 226(e).

66. Plaintiff, on behalf of himself and the Class, request wage statement penalties pursuant to Labor Code section 226 and relief as described below.

//

//

## SIXTH CAUSE OF ACTION

**UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES**
**(Business & Professions Code §§ 17200 *et seq.*)**

67. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a cause of action on behalf of himself and the above-described Class of similarly situated pilots employed by AMC in California.

68. AMC's failure to pay legally required compensation under the Wage Order No. 9 and Labor Code provisions, failure to timely furnish hourly employees with statements accurately showing hours worked in accordance with Labor Code section 226, failure to provide meal periods as required by Labor Code sections 226.7 and 512, failure to authorize and permit rest periods as required by Labor Code section 226.7, failure to reimburse business expenses pursuant to Labor Code section 2802, as alleged above, constitute unlawful and/or unfair activities prohibited by Business and Professions Code section 17200. Plaintiff reserves the right to identify additional unfair and unlawful practices by AMC as further investigation and discovery warrants.

69. Moreover, Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiff seeks a court order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and Class Members, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

70. Plaintiff and all Class Members are persons who have suffered injury in fact as a result of AMC's unfair competition within the meaning of Business and Professions Code section 17204, and who comply with the requirements of Code of Civil Procedure section 382, as set forth above, and therefore have standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

71. As a result of its unlawful and/or unfair acts, AMC has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and Class Members. AMC should be enjoined from this activity and made to restore to Plaintiff and Class Members their wrongfully

withheld wages, interest thereon, and related statutory penalties, pursuant to Business and Professions Code sections 17202 and 17203.

72. Private enforcement of these rights is necessary, as no other agency has raised a claim to protect these workers. There is a financial burden incurred in pursuing this action that would be unjust to place upon Plaintiff, as the burden of enforcing workforce-wide rights is disproportionately greater than that of enforcing only Plaintiff's individual claims. Additionally, Plaintiff cannot afford to spend his wages on enforcing others' wage rights. Therefore, it would be against the interests of justice to force payment of attorneys' fees from Plaintiff's recovery in this action. Accordingly, attorneys' fees are appropriate and sought pursuant to the Code of Civil Procedure section 1021.5.

73. Plaintiff, on behalf of himself and the Class, requests restitution of unpaid wages, unpaid wage premiums, unreimbursed business expenses, injunctive relief and other relief as described below.

## SEVENTH CAUSE OF ACTION

## PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT
**(Labor Code §§ 2698 *et seq.*)**

74. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference. Plaintiff alleges as follows a representative cause of action on behalf of himself and all other Class Members.

75. Pursuant to Labor Code section 2699.3(a), on December 13, 2018, Plaintiff gave notice by electronic filing and by certified mail to Defendant and the Labor Workforce Development Agency ("LWDA") of the factual and legal basis for the labor law violations alleged in this complaint. The LWDA has not provided notice pursuant to Labor Code section 2699.3(a)(2)(A), and 65 calendar days have passed since the postmark date of Plaintiffs' LWDA notice. Therefore, Plaintiff is entitled to commence a civil action pursuant to Labor Code section 2699.

76. Labor Code section 2699(f) provides, in pertinent part: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil

1  penalty for a violation of these provisions, as follows: . . . If, at the time of the alleged violation, the
2  person employs one or more employees, the civil penalty is one hundred dollars ($100) for each
3  aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each
4  aggrieved employee per pay period for each subsequent violation."

5  77. Labor Code section 2699(g)(1) provides, in pertinent part: "[A]n aggrieved employee
6  may recover the civil penalty described in subdivision (f) in a civil action . . . filed on behalf of
7  himself or herself and other current or former employees against whom one or more of the alleged
8  violations was committed. Any employee who prevails in any action shall be entitled to an award of
9  reasonable attorney's fees and costs."

10  78. Plaintiff is an aggrieved employee as defined by Labor Code section 2699(a).

11  79. Defendant violated the California Labor Code by committing the acts described
12  above in causes of action One through Six.

13  80. As a direct and proximate result of Defendant's unlawful practices and policies,
14  Plaintiff and other Class Members have suffered and continue to suffer monetary losses.
15  Plaintiff, on behalf of himself and all other Class Members, requests civil penalties against
16  Defendant for violations of the Labor Code, as provided under Labor Code section 2699(f), plus
17  reasonable attorneys' fees and costs, as provided under Labor Code section 2699(g)(1), in amounts
18  to be proved at trial.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the above-described Class of similarly situated pilots, requests relief as follows:

a. Certification of the above-described Class as a class action, pursuant to Rule 23;
b. Certification of the above-described Class as a representative class under Business and Professions Code section 17200;
c. Provision of Class Notice to all pilots who worked for AMC during the Class Period;
d. A declaratory judgment that AMC has knowingly and intentionally violated Business & Professions Code sections 17200-17208, by the conduct set forth above.
e. A declaratory judgment that AMC's violations as described above were willful;

    f. An equitable accounting to identify, locate, and restore to all Class Members the wages and business expenses that are due;

    g. An award to Plaintiff and the Class Members of damages in the amount of unpaid wages and wage premiums, including interest thereon, subject to proof at trial;

    h. An award to Plaintiff and the Class Members of damages in the amount of unreimbursed business expenses, including interest thereon, subject to proof at trial;

    i. An award to Plaintiff and the Class Members of statutory penalties because of AMC's failure to provide Plaintiff and the Class Members with itemized wage statements that comply with the requirements of Labor Code section 226;

    j. An order requiring AMC to pay restitution of all amounts owed to Plaintiff and Class Members for AMC's failure to pay legally required wages, meal period premiums, rest period premiums, and unreimbursed business expenses, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code section 17203;

    k. An award of civil penalties under Labor Code section 2698, et seq.

    l. An award to Plaintiff and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure section 1021.5 and Labor Code sections 218.5, 226(e), 1194, 2699 and/or other applicable law; and

    m. An award to Plaintiff and the Class Members of such other and further relief as this Court deems just and proper.

DATED: February 28, 2019
                       HUNTER PYLE LAW
                       OLIVIER SCHREIBER & CHAO LLP

                       By: /s/ Chad Saunders
                          Hunter Pyle
                          Chad Saunders
                          Vincent Chen

                       Attorneys for Plaintiff and the Putative Class

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the proposed Class of similarly situated pilots, hereby demands a jury trial in this matter for all claims so triable.

DATED: February 28, 2019

HUNTER PYLE LAW
OLIVIER SCHREIBER & CHAO LLP

By: _/s/ Chad Saunders_____
   Hunter Pyle
   Chad Saunders
   Vincent Chen

Attorneys for Plaintiff and the Putative Class