**HUNTER PYLE, SBN 191125**
**CHAD SAUNDERS, SBN 257810**
**VINCENT CHEN, SBN 311883**
HUNTER PYLE LAW
428 Thirteenth Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Emails: hunter@hunterpylelaw.com; csaunders@hunterpylelaw.com;
vchen@hunterpylelaw.com

**MONIQUE OLIVIER, SBN 190385**
**KATHARINE CHAO, SBN 247571**
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
Email: monique@osclegal.com; kathy@osclegal.com

Attorneys for Plaintiff EVAN TOOLAJIAN

[Additional attorneys on following page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EVAN TOOLAJIAN on behalf of himself and all others similarly situated;<br><br>        Plaintiff,<br><br>v.<br><br>AIR METHODS CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO.:  3:18-cv-06722-AGT<br><br>**AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |

**LONNIE D. GIAMELA, SBN 228435**
**CHRISTOPHER M. AHEARN, SBN 239089**
**SEAN T. KINGSTON, SBN 276099**
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, CA  92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152
lgiamela@fisherphillips.com
cahearn@fisherphillips.com
skingston@fisherphillips.com

Attorneys for Defendant
AIR METHODS CORPORATION

This Amended Joint Stipulation Of Class Action Settlement And Release is entered into by PLAINTIFF EVAN TOOLAJIAN, on the one hand, and Defendant AIR METHODS CORPORATION on the other.

## SECTION 1:  FACTUAL BACKGROUND

1.      Plaintiff EVAN TOOLAJIAN is currently employed by Defendant AIR METHODS CORPORATION.

2.      On September 20, 2018, Plaintiff filed his class action complaint in Alameda County Superior Court asserting wage and hour claims under the California Labor Code and Wage Order 9.  On November 5, 2018, AMC removed the action to this Court under the Class Action Fairness Act, the Railway Labor Act ("RLA"), the Airline Deregulation Act, and the "federal enclave" doctrine.

3.      On December 13, 2018, Plaintiff submitted his PAGA notice to the California LWDA to administratively exhaust his PAGA claim.

4.      The parties consented to the jurisdiction of a Magistrate Judge for all purposes. On February 28, 2019, Plaintiff filed the operative first amended complaint ("FAC") to add his PAGA claim.  By the FAC Plaintiff seeks, on behalf of himself and all other AMC pilots in California ("Pilots"), payment of unpaid wages, missed meal and rest period premiums, reimbursement of business expenses, wage statement penalties, restitution of compensation unlawfully withheld pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*., and PAGA civil penalties on behalf of the State of California and all aggrieved employees.  The FAC prays for monetary damages, penalties, and restitution for the class claims, civil penalties for the PAGA claim, certification of the class, a declaratory judgment, and injunctive relief.

5.      The parties agreed that early resolution of AMC's preemption defense based on the RLA would facilitate both sides' evaluation of the claims.  Accordingly, on April 22, 2019 AMC filed its summary judgment motion regarding RLA preemption.  Thereafter, the parties conducted discovery related to the summary judgment motion, including depositions of two 30(b)(6) witnesses regarding AMC's timekeeping and pay practices for Pilots.  AMC's motion

1

was heard on August 6, 2019.

6.    On August 20, 2019, the Court denied AMC's Motion for Summary Judgment, finding that Plaintiff's claims are not preempted by the RLA.

7.    On September 11, 2019, the Parties attended a settlement conference with the Hon. Jacqueline Scott Corley.  The case did not settle at that conference, however, Judge Corley made a "mediator's proposal" for the parties to consider. The parties accepted such mediator's proposal, the terms of which (including the Gross Settlement Amount) are reflected in, and are consistent with, the terms of this Agreement.

8.    To avoid the risks and costs inherent in further litigating the aforementioned matters, the Parties desire to fully and completely settle certain claims asserted in the Action, as is more specifically described herein.

9.    The Parties stipulate and agree, subject to the approval of the Court, that the settlement of the Action shall be effectuated upon and subject to the following terms and conditions.

## SECTION 2:  DEFINITIONS

The following defined terms used in this Settlement Agreement and all exhibits thereto will have the meanings given them below.

10.    <u>Action</u>.  "Action" or "Lawsuit" shall mean the civil action currently pending in the United States District Court for the Northern District of California, entitled *Evan Toolajian, et al. v. Air Methods Corporation*, Case No. 3:18-cv-06722-EDL.

11.    <u>Agreement</u>.  "Agreement," "Settlement," or "Settlement Agreement" means this Settlement Agreement.

12.    <u>Class</u>.  "Class," "Class Members," "Settlement Class," or "Settlement Class Members" shall mean all current and former Pilots employed by AMC in California at any time during the Class Period.

13.    <u>Class Administrator</u>.  "Class Administrator" means the third-party entity jointly selected by the Parties and approved by the Court to establish, maintain and administer the QSF defined *infra,* under Internal Revenue Code § 468B and Treasury Regulation §1.468B-1 and to

2

1   provide notice to the Class as well as to perform other duties relating to the administration of the

2   Settlement (e.g., calculation and payment of claims submitted by Claimants, submissions to tax

3   authorities, etc.).  The Parties agree that Simpluris, Inc. is an appropriate third-party selected to

4   provide notice to the Class and to perform other duties of administration as provided in this

5   Agreement.  "Class Administrator" also means any subsequent such third party who, the Parties

6   may stipulate (subject to Court approval) to assume such duties, or who the Court may otherwise

7   appoint.  On request, each Party shall be entitled to know from the Class Administrator any other

8   Party's communications to the Class Administrator relating to a Class Member and to receive

9   copies of any written communications by any other Party to the Class Administrator relating to

10  a Class Member, except for information containing the personal contact information of a class

11  member (e.g. address, social security number) that shall be utilized by the Class Administrator

12  to administer the settlement.

13      14.    _Class Administrator Declaration_.  "Class Administrator Declaration" shall mean

14  declaration(s) attesting, in detail, to the steps taken through the date of such declaration in

15  performing the Class Administration Duties, that the procedures contemplated below are

16  complete, and that the Class Administrator has all information needed to perform any remaining

17  Class Administration Duties. This includes a declaration that shall be filed with the Court as part

18  of the Final Approval Motion that a) describes the Class Administrator's performance of its duties

19  under the Settlement Agreement and the Settlement Class Members' responses to Class Notice

20  as detailed below and b) provides admissible evidence to support the payment of Class

21  Administration Costs.  This also includes a declaration attesting to calculation of the amounts

22  each Eligible Class Member's Eligible Class Member Shares, once the amounts of the other

23  components of the Gross Settlement Fund are determined by the Court on Final Approval, which

24  declaration the Class Administrator shall deliver to Class Counsel and Defendant's Attorneys no

25  later than ten (10) days before the date that the Court sets for a compliance hearing and which

26  declaration shall be filed with the Court and served at least five (5) days before the compliance

27  hearing.

28      15.    _Class Administration Costs_.  "Class Administration Costs" shall mean the fees

and expenses reasonably and necessarily incurred by the Class Administrator as a result of performing the Class Administration Duties, estimated to be up to $8,000. Class Administration Costs include, but are not limited to, reasonable fees and expenses incurred by the Claims Administrator for: (1) preparation and mailing of the Settlement Notice and Forms; (2) receipt and adjudication of Forms submitted by Class Members for payment under this Settlement; (3) establishment and maintenance of the "Qualified Settlement Fund," defined *infra,* under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1; (4) compliance with the reporting and any payment obligations imposed by Treasury Regulation § 1.468B-2(l)(2) from the Qualified Settlement Fund (as well as the reporting and any payment obligations to state and local tax authorities with respect to the Qualified Settlement Fund), and paying any tax imposed on the Qualified Settlement Fund pursuant to Treasury Regulation § 1.468B-2(a) and other applicable provisions of Federal, state or local law imposing tax on the Fund; (5) preparing, filing, and issuing any required tax forms related to payments made from the Qualified Settlement Fund; (6) calculation and distribution of settlement payments to Eligible Class Members Claims; and (7) performance of any other actions specified in this Agreement or mutually requested by the Parties in writing. The payment of the Class Administration Costs shall be paid by the Gross Settlement Fund. The Class Administrator shall include in its Class Administrator Declaration to be included with the Final Approval Motion admissible evidence to support Court approval of payment by Defendant of Class Administration Costs, including Class Administration Costs relating to performance of the Class Administrator's duties after entry of the Final Approval Order. Notwithstanding the foregoing, the Class Administrator after entry of the Final Approval Order for good cause shown may apply to the Court for a further payment of Class Administration Costs from the Gross Settlement Fund, which application also shall be supported by a Class Administrator Declaration with admissible evidence.

16.    Class Administration Duties: "Class Administration Duties" shall mean the duties of the Class Administrator as set forth in this Agreement and as may be ordered by the Court. It shall include, but not be limited, to making calculations of payments, reporting to appropriate tax authorities, effecting class notice, reporting on the performance of its duties and responses to

4

class notice, resolving disputes as provided herein, and responding to a Party's request for information pursuant to paragraph 13 above.  Any reference herein to mailing to or by the Class Administrator or to or from others shall refer to U.S. mail, first class.

17.    <u>Class Counsel</u>.  "Class Counsel" or "Plaintiff's Counsel" refers to Hunter Pyle Law and Olivier Schreiber & Chao LLP, or any such further attorneys for the Class, Named Plaintiff, and/or Eligible Class Members as may be approved by the Court.

18.    <u>Class Notice</u>.  "Class Notice" shall mean a notice to Class Members, substantially in the form indicated in Exhibit "B" hereto, and distributed by the Class Administrator in accordance with paragraphs 58 and 59 below.

19.    <u>Class Member Objection</u>.  "Class Member Objection" shall mean a Class Member's written objection made pursuant to the provisions of paragraph (61(a) below.

20.    <u>Class Member Objector</u>.  "Class Member Objector" shall mean a Class Member who submits a Class Member Objection.

21.    <u>Class Member Share</u>.  "Class Member Share" shall mean the portion of the Net Settlement Fund that will be due and payable to each Eligible Class Member, as defined below, subject to legally required withholdings, deductions, and contributions.

22.    <u>Class Period</u>.  "Class Period" shall mean the time period from September 20, 2014 to the date of Preliminary Approval. It is the period to which the Release of Claims applies.

23.    <u>Complaint</u>.  "Complaint" shall mean the "First Amended Complaint" filed on or about February 29, 2019.

24.    <u>Court</u>.  "Court" refers to the United States District Court for the Northern District of California.

25.    <u>Date of Preliminary Approval</u>.  The "Date of Preliminary Approval" means the day on which the Court enters an Order of Preliminary Approval.

26.    <u>Defendant or AMC</u>.  "Defendant" or "AMC" shall mean Defendant AIR METHODS CORPORATION.

27.    <u>Defendant's Counsel</u>.  "Defendant's Attorneys," "Defense Counsel," or "Counsel for Defendant" shall mean Fisher & Phillips LLP, or such other counsel as may appear for

5

Defendant in the Action.

28.    <u>Effective Date</u>.  "Effective Date" shall mean the date on which all of the following have occurred:

  a)  Entry by the Court of an order of Final Approval of the Settlement;

  b)  Service on Defendant of written notice of such entry of order of Final Approval, or Defendant's express waiver of such notice; and

  c)  Final Approval has become Final:  For purposes of this provision, "Final" means:

   (1)  if no Class Member Objections are made and/or are made and withdrawn, the later of the date the Court enters its order granting Final Approval of the settlement or all Class Member Objections are withdrawn;

   (2)  if any Class Member Objection is made and is not withdrawn in writing, and if no appeal, review or writ by the Class Member Objector is sought from the Order Granting Final Approval, the twenty-first (21st) day after entry of the Order Granting Final Approval;

   (3)  if rehearing, reconsideration and/or appellate review of the Order Granting Final Approval is sought by a Class Member Objector, the day after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration or appellate review is permitted, and the time for seeking such review has expired, and the Order Granting Final Approval has not been modified, amended or reversed in any way; or

   (4)  if a Class Member Objector appeals from any ruling by the Court overruling such objection in whole or in part, the earlier of the date when the Order Granting Final Approval has been affirmed on

6

appeal or the date when the Class Member Objector withdraws his or her Class Member Objection.

d) The existence of a sufficient number of Eligible Class Members such that the number of Class Members who, as of the deadline for submission of Opt-Out Requests are not Eligible Class Members, does not exceed seven-and-one-half (7.5) percent of the total Class. If the number of Class Members who are not Eligible Class Members by virtue of having submitted Opt-Out Requests as of such date equals or exceeds seven-and-one-half (7.5) percent of the total Class, then Defendant shall have the exclusive and absolute right (but not the obligation) to deem this Settlement Void *Ab Initio* only upon timely written notice filed with the Court and served on Class Counsel and the Class Administrator within ten (10) days of Defendant's having received written notice from the Class Administrator that seven-and-one-half (7.5) percent or more of the Eligible Class Members have elected to exclude themselves from the settlement.  In that event, Defendant shall be responsible for paying any costs of settlement administration incurred up to and including the date of Defendant's notice.

29.    Eligible Class Member.  "Eligible Class Member" means a Class Member who is not an Opt-Out.

30.    Final Approval Order.  "Final Approval Order" shall mean an order of the Court finally approving this Settlement and granting Class Certification.

31.    Final Approval Hearing.  "Final Approval Hearing" shall mean the hearing on a motion for Final Approval.

32.    Gross Settlement Amount.  "Gross Settlement Amount" means Defendant's payment of One Million Seven Hundred and Fifty Thousand United States Dollars ($1,750,000.00) and shall include (1) the amount to be paid to the California Labor Workforce and  Development Agency (LWDA); (2) Class Administration Costs; (3) the Named Plaintiff Service Award; (4) Class Counsel's Attorneys' Fees and Costs; and (5) payments to the

7

Settlement Class.  It does not include Defendant's share of any applicable payroll taxes.

33.    <u>Gross Settlement Fund</u>.  "Gross Settlement Fund" means the Gross Settlement Amount, consisting of all payments which shall be paid into the QSF to satisfy Defendant's financial obligations under the terms of this Settlement.  This consideration shall be used to resolve the claims at issue in this Settlement, as set forth herein, and is intended to constitute a qualified settlement fund within the meaning of Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1. The Gross Settlement Fund includes, without limitation: attorneys' fees and costs as awarded by the Court, Class Administration Costs, the LWDA Fund, the Net Settlement Fund, Eligible Class Members' portion of withholdings, contributions, deductions, taxes, fees and any other amounts due to government agencies and/or tax authorities in relation to any payments pursuant to this Agreement, including of Class Member Shares.  It does not include Defendant's portion of withholdings, contributions, deductions, taxes, fees and any other amounts due to government agencies and/or tax authorities in relation to any payments pursuant to this Agreement, which, as calculated by the Class Administrator, which Defendant shall, forthwith, upon the Class Administrator's request, deposit into the Gross Settlement Fund for payments by the Class Administrator.

34.    <u>LWDA</u>.  The "LWDA" shall mean the California Labor and Workforce Development Agency.

35.    <u>LWDA Fund</u>.  "LWDA Fund" shall mean $75,000 (75% of a $100,000 penalty) of the Gross Settlement Fund which shall be paid out of the QSF to the LWDA in satisfaction of penalties payable to the LWDA pursuant to PAGA.  Eligible Class Members shall be deemed to have waived their right to their statutory portion of the stipulated penalty amount, which amount shall be included in the Net Settlement Fund.

36.    <u>Named Plaintiff</u>.  "Named Plaintiff" shall mean Plaintiff EVAN TOOLAJIAN.

37.    <u>Net Settlement Fund</u>.  "Net Settlement Fund" shall mean that part of the Gross Settlement Fund to be distributed to the Eligible Class Members and PAGA Group Members.  It excludes (a) Class Administration Costs, (b) the Service Award to Named Plaintiff (c) Class Counsel's Attorneys' Fees and Costs, and (d) payment to the LWDA.

8

38. <u>Notice Packet</u>: "Notice Packet" shall mean a packet mailed by the Class Administrator pursuant to paragraphs 58 and 59 below, containing the Class Notice and any other accompanying documents required by this Settlement and/or Preliminary Approval.

39. <u>Opt-Out(s)</u>. "Opt-Out(s)" refers to Class Members who have submitted an Opt-Out Request.

40. <u>Opt-Out Request</u>. "Opt-Out Request" means a timely and valid written request for exclusion from the Settlement by a Class Member, pursuant to the provisions of paragraph 61(c) below.

41. <u>PAGA</u>. "PAGA" means the California Labor Code Private Attorneys General Act of 2004, Labor Code § 2698, et seq.

42. <u>PAGA Period</u>. The "PAGA Period" is December 13, 2017 to the date of Preliminary Approval.

43. <u>PAGA Group Members.</u> The "PAGA Group Members" are all Class Members employed by AMC in California during the PAGA Period.

44. <u>Parties</u>. "Parties" shall mean, collectively, Defendant and the Named Plaintiff.

45. <u>Party</u>. "Party" shall mean, individually, one of the Parties.

46. <u>Preliminary Approval/Preliminary Approval Order</u>. "Preliminary Approval" and "Preliminary Approval Order" shall mean an order of the Court preliminarily approving this Settlement, granting conditional Class Certification for purposes of the Class Administration Procedures, certifying Class Counsel, approving the form of Class Notice, establishing Class Administration Procedures, and scheduling a Final Approval Hearing. A proposed Preliminary Approval Order is attached hereto as Exhibit "D".

47. <u>QSF / Qualified Settlement Fund</u>. "QSF" or "Qualified Settlement Fund" shall mean the Qualified Settlement Fund established by the Class Administrator into which all payments by Defendant into the Gross Settlement fund shall be deposited and from which all payments provided in this Settlement shall be made, including Class Administration Costs, the LWDA Fund, attorneys' fees and costs, Eligible Class Member Shares, and Eligible Class Members' and Defendant's portions of withholdings, contributions, deductions, taxes, fees and

1    any other amounts due to government agencies and/or tax authorities.

2    48.    <u>Released Claims</u>.  "Released Claims" shall have the same meaning as that term is

3    defined in Exhibit "C" hereto. The Release shall become effective upon the Effective Date and

4    Defendant's performance of this Agreement.

5    49.    <u>Released Parties</u>.  "Released Parties" shall have the same meaning as that term is

6    defined in Exhibit "C" hereto.

7    50.    <u>Service Award</u>.  "Service Award" shall mean the amount approved by the Court

8    to be paid to the Named Plaintiff for his effort in coming forth as a class representative.

9    51.    <u>Void *Ab Initio*</u>.  "Void *Ab Initio*" shall mean a circumstance as provided in this

10    Agreement or by Order of this Court in which this Agreement is null and void and the Parties

11    shall be returned to conditions such that the Agreement had never been entered into.

12    52.  <u>W-2 Income.</u>  "W-2 Income" refers to gross income paid to a Class Member by

13    AMC while holding a Settlement Class Member position during 2014 through the pay period

14    immediately preceding the end of the Class Period. When a Class Member has occupied within

15    a given calendar year both a Settlement Class Member position and a non-Class position, the

16    W-2 Income in the Settlement Class Member position shall be determined by the gross income

17    earned in any pay period in which the Settlement Class Member occupied a Settlement Class

18    position. For example, if a Settlement Class Member occupied a Settlement Class position from

19    the start of a year until the middle of a pay period part way through the year, his or her W-2

20    Income would include his or her gross income through the pay period in which his or her status

21    changed.   In another example, if a Settlement Class Member occupied a non-Settlement Class

22    position from the start of the calendar year until the middle of a pay period in the middle of the

23    year and thereafter occupied a Settlement Class position to the end of that year, his or her W-2

24    Income would include the gross income for the pay period in which his or her status changed to

25    the end of the year.

26    **SECTION 3:  TERMS AND CONDITIONS OF SETTLEMENT**

27    In addition to the definitional elements set forth above, the terms and conditions of the

28    class settlement shall be as follows:

JOINT STIP. OF CLASS SETTLEMENT                    CASE NO. 18-CV-06722-AGT

FP 37150629.1

52.    <u>Certification for Settlement Purposes Only</u>.    The Parties stipulate that, for purposes of this Settlement only, Defendant shall not challenge Class Certification, including by way of appeal and/or a motion for de-certification for the Released Claims, unless this Settlement should become Void *Ab Initio*.  When moving for preliminary approval of the Settlement, Named Plaintiff shall seek class certification of all claims alleged in the Complaint.

53.    <u>Contentions and Defenses:  Compromise</u>.    The Parties have determined that this Settlement represents a fair and reasonable compromise of disputed claims for wages and other monetary and non-monetary relief, following a reasonably thorough investigation.  The Parties have entered into this Settlement to avoid the inherent risks and costs of further litigation.  Named Plaintiff does not stipulate that this Settlement represents the maximum extent of such relief to which he or the Class would be entitled if the Action were to be further litigated.  Defendant does not stipulate that, should the Action be further litigated, Named Plaintiff and/or the Class would be entitled to any relief whatsoever.  Neither Named Plaintiff nor Defendant admits to any unlawful conduct.  The Parties hereby reserve all of their rights to litigate the Action and seek all available forms of relief should this Settlement be declared Void *Ab Initio*.  Nothing in this Agreement waives any claim, argument, defense or right to appeal that any Party has with respect to any claim not being released.

54.    <u>Defendant's Class Member Communications</u>.  Defendant will instruct its officers, directors, managers and supervisors that, should they be contacted by Class Members or persons who believe they may be Class Members in relation to this Agreement, such officers, directors, managers and supervisors should make no comment except for directing the employee(s) to Defendant's Human Resources department, who will be instructed to direct such Class Members to the Class Administrator and to provide such Class Members with contact information for the Class Administrator.  The Parties and their counsel warrant and certify that they have not encouraged and will not encourage any Class Member to opt out or object to the settlement and will take no such steps.

55.    <u>Preliminary Approval</u>.    As soon as possible following execution of this Agreement, Class Counsel shall move the Court for Preliminary Approval.  Class Counsel will

11

1   submit therewith a proposed order to the Court in the form attached hereto as Exhibit "D."  Any

2   revised versions of Exhibit "D" that will be filed with the Court, following execution of this

3   Agreement, must be provided to Defendant's Attorneys in advance of the filing for review.  The

4   Parties shall give all reasonable cooperation necessary to obtain Preliminary Approval from the

5   Court.

6       56.   <u>Class Administration Procedures – Defendant's Supplying Class List and Other</u>

7   <u>Class Information</u>.  Within twenty-one (21) days of entry of Preliminary Approval, Defendant

8   shall cause to be delivered by email or otherwise to the Class Administrator an Excel spreadsheet

9   of the Class Members that includes their a) names, b) last known home address(es), c) full social

10  security numbers, d) the number of workweeks worked during the Class Period; e) the number

11  of workweeks worked during the PAGA Period, f) their highest regular hourly rate during the

12  Class Period; and g) their email address, if known.  All of which information shall be based upon

13  Defendant's reasonably available business records and/or the best available personal knowledge

14  of Defendant's employees and agents.

15      57.   <u>Posting of Important Case Documents on Class Administrator's Website</u>:  Within

16  fourteen (14) days of entry of the Preliminary Approval Order, the Class Administrator shall

17  create a website and post important case documents that shall include the following:  a) the Class

18  Notice as approved by the Court, b) the First Amended Complaint, c) Defendant's Answer to the

19  First Amended Complaint d) all papers filed in conjunction with the preliminary approval motion

20  e) although included in said papers, separately the Settlement Agreement, and f) the Preliminary

21  Approval Order. The Class Administrator shall also post Plaintiff's Motion for Attorneys' Fees

22  and Costs on the website at least 35 calendar days prior to the deadlines for Class Members to

23  opt out of the Settlement or object to the Settlement.  When the posting is completed, the Class

24  Administrator shall notify Class Counsel and Defendant's Attorneys that the posting is complete.

25      58.   <u>Class Administration Procedures – Notice to Class By U.S. Mail And Email</u>.

26  Within fourteen (14) days after delivery of the information described in paragraph 56 above, the

27  Class Administrator will mail a Notice Packet to each Class Member via United States Mail

28  and/or in accordance with Preliminary Approval Order.   Prior to such mailing, the Class

12

1   Administrator will calculate the estimated settlement amount for each respective Class Member,

2   based upon an assumption that all Class Members will become Eligible Class Members, that no

3   Class Member Objections, Opt-Out Requests, or other disputes pursuant to paragraph 61 below

4   will be submitted, and that no Class Members will be added to the Class after the date this

5   Agreement is executed.  The amounts of such estimated Eligible Class Member Shares will be

6   disclosed on an individual basis in each Class Member's respective Class Notice.

7       59.    The Class Administrator will also email the Notice Packet to each Class Member

8   for whom Defendant has provided an email address.

9       60.    Prior to mailing the Notice Packet, the Class Administrator will check the

10  addresses provided by Defendant against the United States Postal Service National Change of

11  Address database. If any mailed Notice Packets are returned as undeliverable, then the Class

12  Administrator shall promptly perform one "skip trace" or similar, customary reasonable search

13  and shall promptly re-mail the same Notice Packet (or a true and correct copy thereof) to any

14  new addresses disclosed by such search. In addition, the Class Administrator shall promptly mail

15  a Notice Packet to any further address that either Party may provide in response to the Class

16  Administrator's written notice that a Class Member's Notice Packet was returned undeliverable.

17  If the process set forth in this paragraph and any other procedures ordered by the Court are

18  followed, the Class Notice will be deemed to be adequately provided to all Class Members.  In

19  the event the procedures in the Agreement are followed and a Class Member, nonetheless, does

20  not receive the Notice Packet, the intended recipient shall remain a Class Member and will be

21  deemed an Eligible Class Member unless such intended recipient submits a Class Member Opt-

22  Out Request within the allotted time, described in paragraph 61(c) below.

23      61.    <u>Class Administration Procedures – Class Member Objections, Opt-Out Requests,</u>

24  <u>and Disputes Concerning Class Member Status</u>.

25          a)  *Class Member Objections – Filing With The Court*:

26          Any Class Member who has not submitted a request for exclusion may object to

27          this Settlement, or any portion thereof, by filing a written objection with the

28          Court, and supporting papers, if any, no later than forty-five (45) days following

13

the date of the first mailing of the Notice by the Settlement Administrator

("**Objection Deadline**"). A written objection must clearly identify the case

name and number (*Toolajian v. Air Methods Corporation*, Case Number 3:18-

cv-06722-JCS), contain the objecting person's full name, current address,

include all objections and the reasons therefore, and include any and all

supporting papers (including, without limitation, all briefs, written evidence, and

declarations). All written objections and supporting papers must be submitted to

the Court either by mailing them to the Class Action Clerk, United States

District Court for the Northern District of California, 450 Golden Gate Avenue,

San Francisco, CA 94102, or by filing them in person at any location of the

United States District Court for the Northern District of California, and be filed

or postmarked on or before the Objection Deadline. A Class Member who

desires to object but who fails to comply with the objection procedure set forth

herein shall be deemed not to have objected.

b) *Class Member Objections – Responses*:  Upon the filing of any documents
   purporting to be objections, Class Counsel and Defendant's Counsel shall meet
   and confer to discuss the objections.

c) *Opt-Out Requests*:  Any member of the Settlement Class who wishes to make
   an Opt-Out Request must, within forty-five (45) days of the Class
   Administrator's mailing of the Class Notice, mail, via United States Mail, to
   the Class Administrator at the address that the Class Administrator shall
   indicate in the Class Notice a document bearing the signature of such Settlement
   Class Member with words to the effect of: "I WISH TO BE EXCLUDED
   FROM THE SETTLEMENT CLASS." The Class Administrator shall give
   Class Counsel and Defendant's counsel no less than weekly notice of the
   number of Class Members who have submitted Opt-Out Requests.  On receipt,
   the Class Administrator shall forthwith send by email and U.S. mail to
   Defendant's Attorneys and to Class Counsel copies of anything received that

purports to be an Opt-Out Request.  Should any of the Parties wish to dispute the validity of any document purporting to be an Opt-Out Request, the Party shall notify the Class Administrator and all other Parties via e-mail and U.S. Mail within seven (7) days of receiving such documents, and in so doing they shall state the factual and legal basis for such dispute.  Prior to the deadline for submitting its declaration described in paragraph 62 below, the Class Administrator shall make a determination as to the validity of the disputed Opt-Out Requests, and shall set forth its determinations in such declaration.  The Class Administrator's decisions in such regard shall be final and binding.  The Class Administrator shall by email and letter to Class Counsel and Defendant's Counsel provide notice as of the deadline to submit Opt-Out Requests whether the number of Class Members who elected to opt out of the Settlement as of the deadline to submit Opt-Out Requests and whose Opt-Out Requests survived any challenge exceeds seven-and-one-half (7.5) percent of the total Class. If the number of such Class Members equals or exceeds seven-and-one-half (7.5) percent of the total Class, then Defendant shall have the exclusive and absolute right (but not the obligation) to deem this Settlement Void *Ab Initio* only upon written notice filed with the Court and served on Class Counsel and the Class Administrator within seven (7) days of written notice that seven-and-one-half (7.5) percent or more of the Class Members have timely submitted Opt-Out Requests that have survived challenge.  In the event Defendant exercises this right, Defendant will be solely responsible for any Class Administration Costs incurred to date.  At any time before the earlier of the Defendant's written notice to declare the Settlement Void *Ab Initio* until two (2) business days before the deadline to file the motion for a Final Approval Order, a Settlement Class Member who has submitted an Opt-Out Request may withdraw it by written notice to the Class Administrator, which shall include the last four digits of the Settlement Class Member's social security number. The Class Administrator on

15

1    receipt of any document purporting to be a revocation of an Opt-Out Request

2    shall forthwith email the document to Defendant's Counsel and Class Counsel.

3    If so withdrawn, an Opt-Out Request shall not be counted toward whether seven

4    and one-half (7.5) percent of the Class has submitted Opt-Out Requests

5    according to the procedures set forth herein.

6    d)    *Disputes Concerning Class Member Status:*   Should any person who does not

7    receive a Class Notice directed to him or her wish to come forward purporting

8    to be a Class Member, such person shall notify the Class Administrator, no later

9    than forty-five (45) days after the Class Administrator's initial mailing of the

10    Class Notice Packets, via United States Mail, and provide any documentary

11    support he or she wishes to have considered.   The Class Administrator shall

12    forthwith send any such documents to Class Counsel and Defendant's counsel

13    via email and United States Mail.   Upon receipt of such notice, Defendant shall

14    forthwith investigate the matter, including with reference to its business

15    records, and shall determine whether the person is a Class Member. Then,

16    within ten (10) days of receipt of such notice, Defendant shall notify the Class

17    Administrator and Class Counsel as to its determination of the person's status

18    as a Class Member and include reasonably available documentary support for

19    its position.  The Class Administrator shall make a determination of the person's

20    status as a Class Member, which shall be controlling.   If the person is

21    determined to be a Class Member, the Class Administrator shall mail that

22    person a Notice Packet, whereupon the same procedures for submitting Class

23    Member Objections and Opt-Out Requests set forth in this Agreement shall

24    apply to such person.   If such Class Member is a person whom Defendant

25    employed in a Class Member position before the execution of this Agreement

26    and who is not listed in Exhibit A hereto, then Defendant shall make an

27    additional contribution to the Gross Settlement Fund corresponding to what

28    would have been paid to such person if, with his or her employment history, he

16

or she was among the Class Members identified in Exhibit A.

e)  *Disputes Concerning Class Member Information*:  If for any reason a Class Member disagrees with the information stated in his or her Class Notice, such Class Member shall mail (via United States Mail) to the Class Administrator at the address listed in the Class Notice and within forty-five (45) days of the Class Administrator's mailing of such Class Notice, a written notice setting forth the Class Member's basis for such disagreement, including any and all documents supporting such basis.  In the absence of a legible postmark, the date of mailing shall be three (3) days before receipt by the Class Administrator.  Upon receipt of such notices, the Class Administrator shall forthwith send it to Class Counsel and Defendant's counsel, via e-mail and United States Mail.  Defendant shall investigate the matter, including by examining its business records, and shall, within seven (7) days of receiving notice, advise Class Counsel and the Class Administrator as to its determination regarding the Class Member. In the event that the Class Member does not provide any supportive documentation, Defendant's determination and declaration as provided in paragraph 62 shall control.   In the event that the Class Member does provide supportive documentation, Defendant shall, within the same seven (7) day period, either notify the Class Administrator and Class Counsel that it stipulates to the Class Member's assertion(s), or shall notify them that it disputes such assertion(s), and shall provide the Class Administrator and Class Counsel with its proposed determination, the factual basis therefor, and any supporting documentation. The Class Administrator shall then determine the dispute, which determination shall control, and shall provide the disputing Class Member, Defendant's Counsel, and Class Counsel with written notice of its decision by email and letter.

f)  Named Plaintiff hereby agrees that he will not submit a Class Member Opt-Out Request on his own behalf.  The Parties and Counsel further agree that they will

17

1    not encourage, incite or recommend that any Class Member object or opt out of

2    the settlement. Any submissions by the Named Plaintiff purporting to be a

3    Class Member Opt-Out Request shall be null and void.

4    g) Except as set forth in paragraph 61(d) above concerning Class Members who

5    should have been disclosed in Exhibit A, no determinations by Defendant, the

6    Class Administrator, the Court, or any other person or entity pursuant to this

7    paragraph 61 shall have the effect of increasing the amount of the Net

8    Settlement Fund to be distributed to Class Members. Rather, any additional

9    amounts to be distributed to any Class Member as a result of the resolution of

10   such disputes shall be made in conjunction with and subject to a proportionate

11   reduction in other Eligible Class Members' Eligible Class Member Shares, with

12   specific amounts to be determined by the Class Administrator.

13   62. _Class Administration Procedures – Class Administrator Declaration_. No later

14   than two weeks before the date scheduled for filing the Motion for Final Approval (but in any

15   case, no less than ten (10) days after the deadline to opt-out or object has expired), the Class

16   Administrator shall provide Class Counsel and Defendant's counsel with the Class Administrator

17   Declaration confirming the extent of the Class Administrator's performance of its Class

18   Administration Duties described herein to be performed before the Final Approval Hearing and

19   the Class' responses received to the Class Notices. The Class Administrator shall include in the

20   declaration evidence supporting its requested award to be paid by Defendant for Class

21   Administration Costs, including those not yet performed. If any duties remain unperformed, the

22   Class Administrator, on request of either Class Counsel or Defendant's Attorneys, shall promptly

23   supply supplemental Class Administrator Declaration(s) when performed, but in no case later

24   than ten (10) days before the date that the Court schedules for a compliance hearing after the

25   Effective Date.

26   63. _Motion for Final Approval_. According to the schedule the Court sets, Class

27   Counsel shall file and serve upon Defendant a motion for Final Approval, which shall include

28   with such filing, as provided herein, the Class Administrator's Declaration and the declaration of

18

1    Defendant's person-most-knowledgeable.

2        64.    <u>Adjustments to Net Settlement Fund Allocation and Increase of Gross Settlement</u>

3    <u>Fund as Conditions to Approval</u>.  If the Court does not approve the allocation proposed herein,

4    it shall be Plaintiffs' prerogative alone whether to proceed with the Settlement on the basis of a

5    different allocation of which the Court approves.  In the event the Court does not approve the

6    allocation proposed herein, Plaintiffs within seven (7) days will file with the Court and serve on

7    Defendant and the Class Administrator a notice of whether Plaintiffs elect to treat this settlement

8    as Void *Ab Initio* or elects to propose a different allocation. If the Court deems the total amount

9    of Defendant's payment into the Gross Settlement Fund as provided herein insufficient for

10   purposes of Court approval of this settlement, it shall be Defendant's prerogative alone whether

11   to contribute more to the Gross Settlement Fund so as to obtain Court approval.  In the event the

12   Court does not approve the overall amount of Defendant's contribution to the Gross Settlement

13   Fund, Defendant within seven (7) days will file with the Court and serve on Plaintiff and the

14   Class Administrator a notice of whether Defendant elects to treat this settlement as Void *Ab Initio*

15   or to pay a stated, additional amount to obtain Court approval.  Any such statement to contribute

16   an additional amount shall be deemed binding on Defendant and incorporated into this

17   Agreement as a required additional payment to the Gross Settlement Fund.

18       65.    <u>Release.</u>    The Settlement includes a release of Released Claims against the

19   Released Parties.  Each Eligible Class Member shall be deemed to have provided a release of

20   Released Claims against the Released Parties pursuant to the terms set forth in Exhibit "C" hereto.

21   Named Plaintiff shall execute a general release of all claims in favor of the Released Parties. The

22   Release shall not be effective until the Effective Date and Defendant's performance of this

23   Agreement.

24       66.    <u>Allocation of Net Settlement Fund Among Eligible Class Members and PAGA</u>

25   <u>Group Members.</u>  The Settlement is non-reversionary, and is not on a "claims made" basis.  No

26   portion of the Settlement shall revert to, or become due and payable to, Defendant, or any person

27   or entity other than Eligible Class Members and the LWDA.  The following will be the allocation

28   of the Net Settlement Fund assuming it is $1.75 million and not subject to an upward adjustment

1    for Defendant's not including a Class Member in Exhibit A.

2        67.    One hundred thousand dollars ($100,000) is allocated to payment of the PAGA

3    penalties that are subject to a 75%/25% allocation between, respectively, the State of California

4    (LWDA) and the Net Settlement Fund distributed to PAGA Group Members.  The remaining

5    $1,650,000 shall be allocated as follows.

6        68.    After deducting the Named Plaintiff's Service Award, payment for Class Counsel

7    Attorneys' Fees and Costs, and the Class Administration Costs from the $1,650,000, the

8    remaining balance shall constitute the Net Settlement Fund which will be distributed as described

9    below.

10        69.    The Settlement Administrator will calculate each Participating Class Member's

11    number of workweeks and the total number of workweeks worked by all Participating Class

12    Members using the Class Data provided by Defendant (as described in Paragraph 56). The

13    Settlement Administrator will determine the Individual Settlement Payment for each

14    Participating Class Member according to the following formulas:

15            a.    **The Class.** The Net Settlement Fund shall be divided among all

16                Participating Class Members. Each Participating Class Member shall

17                receive a proportionate share that is equal to (i) the number of

18                workweeks he or she worked during the Class Period multiplied by the

19                Class Member's highest rate of pay, divided by (ii) the total number of

20                workweeks worked by all Participating Class Members during the

21                Class Period multiplied by the average of all Class Members' highest

22                rates of pay.

23            b.    **The PAGA Group.**  From the $100,000 allocated to PAGA penalties,

24                one-quarter (25%) ($25,000) shall be distributed to the PAGA Group

25                Members.  Each PAGA Group Member will receive a proportionate

26                share of money allocated to the PAGA Group Members that is equal to

27                (i) the number of workweeks he or she worked during the PAGA

28                Period, divided by (ii) the total number of workweeks worked by all

20

PAGA Group Members during the PAGA Period.  PAGA Group Members shall not be permitted to opt out of that portion of the Settlement that resolves Plaintiff's PAGA claims.

70.     Once determined, each Individual Settlement Payment will be reduced by any required legal deductions, including tax and other required withholdings, for each Participating Class Member.

71.     <u>Taxation and Withholding; Settlement Checks.</u>

a)  *Allocation*. The Parties agree that 50% of the Net Settlement Fund paid to Eligible Class Members shall be allocated to Form W-2 wages, and 50% to penalties, interest, and other non-wages subject to Form 1099 reporting, and that the same allocations shall apply to each of the Eligible Class Member Shares.  This allocation is for purposes of settlement only.  The Class Administrator will pay from the Net Settlement Fund each Eligible Class Member's share of the settlement, employee taxes, deductions, contributions and other amounts required to be paid to government agencies and/or tax authorities, which amounts then shall be paid by the Class Administrator from the QSF. Defendant is responsible for payment of all employer payroll taxes and its own share of deductions, contributions and other amounts to be paid to government agencies and/or tax authorities.  The Class Administrator shall also advise Defendant as to the amounts that Defendant is required to remit in terms of employer payroll taxes and its own shares of other taxes, deductions, contributions and other amounts required to be paid to government agencies and/or tax authorities.  The payment of such taxes, deductions, contributions and other amounts shall be calculated based upon Defendant's reasonably available records.  The Class Administrator shall provide reasonable notice to Defendant's Counsel of any records required for purposes of computing taxes, deductions, contributions and other amounts, and Defendant shall undertake reasonable efforts to provide the Class Administrator with same. Based on the

21

Class Administrator's calculations, Defendant shall deposit, as the Class Administrator requires for payment, into the Gross Settlement Fund such additional amounts necessary for the Class Administrator to pay Defendant's shares of payroll taxes, deductions, contributions and other amounts required to be paid to government agencies and/or tax authorities. The Class Administrator shall provide, as appropriate, an IRS Form W-2 and Form 1099, and any other tax documentation required by law, to each Eligible Class Member payee.

b) The Claims Administrator shall be solely responsible for: (i) complying with the reporting and any payment obligations imposed by Treasury Regulation § 1.468B-2(l)(2) on the QSF (as well as the reporting and any payment obligations to state and local tax authorities with respect to the Fund); (ii) paying any tax imposed on the QSF pursuant to Treasury Regulation § 1.468B-2(a) and other applicable provisions of Federal, state or local law imposing tax on the Fund; and (iii) preparing, filing, and issuing any required tax forms related to payments under this Settlement.

c) *Circular 230 Disclaimer*. Each of the Parties acknowledges and agrees that (1) no provision of this Agreement, and no written communication or disclosure between or among the Parties or their counsel and other advisers is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice within the meaning of United States Treasury Circular 230 (31 CFR part 10, as amended); (2) each Party (a) has relied exclusively upon his, her or its own, independent legal and tax advisors for advice (including tax advice) in connection with this Agreement, (b) has not entered into this Agreement based upon the recommendation of any other Party or any Counsel or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any other Counsel or advisor to any other Party to avoid any tax penalty that may be imposed on that Party; and (3) no attorney or advisor to any other Party has imposed any limitation that protects

22

the confidentiality of any such attorney's or advisor's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Agreement.  Neither Class Counsel nor Defendant or its Counsel are responsible for providing tax or financial advice, and Class Members are advised to seek independent professional advice as to the tax or financial consequences of any payment they receive, or may receive, as Class Members.

d) *No Effect on Employee Benefits*.  The Eligible Class Member Shares shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any employee benefits (e.g., vacations, holiday pay, retirement plans, etc.) of the Eligible Class Members.  The Parties agree that any monetary settlement payments to such Eligible Class Members do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by the Released Parties.  Any amounts paid pursuant to this Agreement, shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by the Released Parties.

e) *Check Expiration*.  The expiration date of any instruments of payment (such as checks) issued by the Class Administrator to Eligible Class Members and PAGA Group Members will be one hundred eighty (180) days from the date such instruments are issued.  Within two hundred ten (210) days after the date of mailing of the settlement checks and no later than ten (10) days before the date the Court schedules a compliance hearing, the Class Administrator shall provide to Class Counsel and Defendants' Counsel a Class Administrator Declaration  signed under penalty of perjury that it has mailed the settlement

23

checks to Eligible Class Members, PAGA Group Members, and the cy pres beneficiary as defined below.

f)  Any remainder from the Net Settlement Fund, *i.e.*, uncashed checks delivered to Participating Class Members by the Settlement Administrator pursuant to the terms of this Agreement, after reasonable efforts have been made to locate Class Members, will be paid to Legal Aid at Work, a nonprofit organization that furthers the objectives and purposes underlying this case and that provides civil legal services to the indigent.

g)  Upon entry of the Preliminary Approval Order, the Claims Administrator shall forthwith establish all financial accounts necessary to establish the Qualified Settlement Fund, and shall promptly notify Defendant's Counsel and Class Counsel by email and U.S. Mail that such accounts have been established and of the payment details necessary to fund the Qualified Settlement Fund. Within no later than seven (7) days after entry of the Final Approval, even if before the Effective Date, Defendant shall deposit with the Class Administrator into the QSF fund the Net Settlement Fund. This consists of one million, seven hundred and fifty thousand dollars ($1,750,000) and such additional funds as necessary to pay Class Members not identified in Exhibit A as set forth in paragraph 61(d). Within ten (10) days after the Effective Date, the Class Administrator shall disburse the corresponding Eligible Class Member Shares to each Eligible Class Member as well as the LWDA Fund to the LWDA. The Claims Administrator shall promptly notify Class Counsel and Defendant's Counsel by email and U.S. mail that such disbursements have been made and, no later than seven (7) days after the distribution of Class Member Shares provide a Class Administrator Declaration confirming such. On the Class Administrator's request, but no earlier than Final Approval of this Agreement, Defendant forthwith shall deposit with the Class Administrator into the QSF such funds as the Class Administrator determines are necessary for the Class Administrator

24

to pay Defendant's tax, fees, contributions, and withholdings as provided herein.

72.    The Class Administrator shall refund to Defendant the above-described payments in the event the Settlement becomes Void *Ab Initio* as provided herein or does not obtain Final Approval. Before making such refund, the Class Administrator shall notify Class Counsel and Defendant's Counsel by letter and email of its intention to do so. Unless within three (3) business days, Class Counsel provides written notice to the Class Administrator and Defendant's Counsel that Plaintiffs object to the refund and Plaintiffs file with the Court and serve on Defendant and the Class Administrator within seven (7) days of the Class Administrator's notice of intent to refund an objection to the refund, the Class Administrator shall promptly affect the refund. Plaintiffs may also waive any objection to refund and thereby accelerate when the refund can occur by written notice to the Class Administrator and Defendant's Counsel.  If Plaintiffs timely file and serve an objection to the refund, the Class Administrator shall not make the refund until the Court rules on the objection. Within seven (7) days of entry of the Final Approval Order or such other date as the Court orders, Defendant forthwith shall deposit with the Class Administrator funds that are reasonable and necessary to pay for Class Administration Costs.

73.    <u>Class Counsel Attorney Fees and Costs / Named Plaintiff Service Award</u>. Class Counsel may request a reasonable award of attorneys' fees and costs from the Court which will compensate Class Counsel for fees and costs incurred for work already performed in this Action, the work remaining to be performed in documenting the Settlement Agreement, securing Court approval of the Settlement Agreement, administering the Settlement Agreement, obtaining dismissal of the Action with prejudice, and defending against any appeals, as well as all associated expenses.  The amount awarded to Class Counsel shall be left to the discretion of the Court.  Class Counsel will submit an application for Attorneys' Fees and Costs to the Court for approval prior to the date of the Final Approval Hearing.  The Parties agree that, over and above the total amount of court-approved Attorneys' Fees and Costs award in this Class Action, the Parties will bear their own fees and costs. The Parties agree that Class Counsel shall be solely responsible for the division and distribution of any and all Court-approved Attorneys' Fees and

Costs awarded in the Class Action to Class Counsel, and that Class Counsel agree to release Defendants and the Released Parties from any responsibility for or liability arising out of or related to the division and distribution of any Court-approved Attorneys' Fees and Costs to Class Counsel.  In the event that the Court denies, modifies, or reduces Class Counsel's request for Attorneys' Fees and Costs, then Plaintiffs, Class Counsel, and the Settlement Class Members may not seek to modify, revoke, cancel, terminate, or void this Settlement Agreement and will not seek, request, or demand an increase in the Settlement Amount.  All claims for attorneys' fees or costs or expenses arising out of the Class Action that Class Counsel and Plaintiffs may possess against Defendants have been compromised and resolved in this Settlement Agreement.

74.    In addition to the amounts determined to be due to the Named Plaintiff as Settlement Class Member under this Settlement Agreement, Class Counsel and Plaintiff intend to apply to the Court for a Service Award for Named Plaintiff, in the total amount of no more than ten thousand dollars ($10,000).  Plaintiff intends to request an enhancement for Plaintiff's role in prosecuting the Class Action, taking the risks of serving as the named representative (particularly as a current employee of Defendant), providing factual information and documentation necessary to the prosecution of the Class Action, attending a settlement conference, agreeing to a general release of all claims, maintaining contact with Class Counsel, and other participation necessary to the successful prosecution of the Class Action.  Any such application shall be filed concurrently with Class Counsel's application for Attorneys' Fees and Costs.  Any Service Award approved by the Court in conjunction with the Settlement shall be paid from the Gross Settlement Fund and shall reduce the amount of the Net Settlement Fund payable to the Settlement Class Members.  Defendant will not oppose a request up to $10,000 for a Service Award for the Named Plaintiff.  The Service Award will be reported to the IRS on a Form 1099.  In the event that the Court denies, modifies, or reduces any request for a Service Award, Named Plaintiff, Class Counsel, and the Settlement Class Members may not seek to modify, revoke, cancel, terminate, or void this Settlement Agreement and will not seek, request, or demand an increase in the Settlement Amount.

75.    <u>Cooperation and Reasonable Modifications</u>.  The Parties pledge their good faith

and fair dealing in supporting the approval of this Settlement by the Court. The Parties and their respective counsel will cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth in this Agreement, including without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly the submission of any  objection to this Agreement, the submission of any Class Member Objection or Opt-Out Request, or any appeal or petition for writ proceedings seeking review of any order or judgment contemplated by the Settlement.   This Agreement contemplates that the Court and the Parties may make reasonable modifications to the Agreement in order to affect its essential terms and to obtain Preliminary Approval and Final Approval.  Such modifications shall not render this Agreement Void *Ab Initio*, but rather the Parties shall stipulate to such reasonable modifications and take all necessary steps to give them effect. Any failure of any Party, Defense Counsel, and/or Class Counsel to comply with any obligation, covenant, agreement, or condition of this Agreement may be expressly waived in writing, to the extent permitted under applicable law, by the Party or Parties and their respective Counsel entitled to the benefit of such obligation, covenant, agreement, or condition.  A waiver or failure to insist upon strict compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure.

76.    <u>Warranty of Authority</u>.  The undersigned each represent and warrant that each has authority to enter into this Settlement, and that by doing so they are not in breach or violation of any agreement with any third parties. The parties, however, recognize that this Agreement is subject to Court approval.

77.    <u>Other Actions Enjoined</u>.  Defendant shall have the right to request, and Named Plaintiff will not oppose, that the Court enter an order that pending Final Approval, Class Members who do not submit Opt-Out Requests are barred from instituting or prosecuting any claims or actions against the Released Parties which fall within the definition of the Released Claims and that any pending actions against the Released Parties, whether in court or arbitration, are stayed on an interim basis only as to any claims which fall within the definition of the

27

Released Claims.

78.    [RESERVED].

79.    <u>Enforcement</u>.  The Parties agree that upon the occurrence of the Effective Date, this Agreement shall be permanently enforceable by the Court and the Court shall retain jurisdiction over the Parties and the Class Members to enforce the terms, conditions and obligations of the Agreement, including after entry of Judgment and that this Court be deemed the exclusive forum concerning the enforcement of this Agreement.

80.    <u>Notices to Counsel</u>. All notices, requests, demands and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first-class United States mail, to counsel for the undersigned persons at their respective addresses set forth in the caption of this Settlement Agreement or to such other location as provided pursuant to written notice, except insofar as it is provided herein that email notice be also provided or  e-mail notice is authorized for the notice.

81.    <u>Entire Agreement</u>.  This Agreement embodies the entire agreement of all the Parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, including the Memorandum of Understanding, between the Parties to this Agreement.  The Parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreements, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement including, but not limited to, any purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the Parties to this Agreement.  This Agreement may be amended, and any provision herein waived, but only in writing, signed by the Party against whom such an amendment or waiver is sought to be enforced.

82.    <u>Counterparts</u>.  This Agreement may be executed in counterparts by way of true

28

1  and correct copies (including pdf's or other electronic images) of signatures, each of which shall

2  have the same force and effect as an original, and all of which together shall constitute one and

3  the same instrument.

4      83.     AMC will comply with the notice requirements of the Class Action Fairness Act,

5  28 U.S.C. § 1715, within 10 days of the filing of this Motion, and will file a proof of service with

6  the Court indicating such compliance before the preliminary approval hearing.

7

8

9  DATE: 3-30-20

EVAN TOOLAJIAN
10                                                  PLAINTIFF AND CLASS REPRESENTATIVE

11

12  DATE:_____

13                                                  CHRISTOPHER BRADY
                                                    For Defendant AIR METHODS
14                                                  CORPORATION, in his/her capacity as its
                                                    Associate General Counsel
15

16  APPROVED AS TO FORM AND CONTENT:

17                                                  HUNTER PYLE LAW

18
    DATE: March 31, 2020
19                                                  HUNTER PYLE
20                                                  Attorney for Plaintiff

21

22                                                  OLIVIER SCHREIBER & CHAO LLP

23      April 1, 2020
    DATE:_____
24                                                  MONIQUE OLIVIER
25                                                  Attorneys for Plaintiff

26

27

28
                                        29
    JOINT STIP. OF CLASS SETTLEMENT                         CASE NO. 18-CV-06722-AGT
    FP 37150629.1

Scanned with CamScan

1    and correct copies (including pdf's or other electronic images) of signatures, each of which shall

2    have the same force and effect as an original, and all of which together shall constitute one and

3    the same instrument.

4          83.    AMC will comply with the notice requirements of the Class Action Fairness Act,

5    28 U.S.C. § 1715, within 10 days of the filing of this Motion, and will file a proof of service with

6    the Court indicating such compliance before the preliminary approval hearing.

7

8

9    DATE: _____

      _____

10                           EVAN TOOLAJIAN
                        PLAINTIFF AND CLASS REPRESENTATIVE

11

12   DATE: 4/3/2020

13                           CHRISTOPHER BRADY
14                           For Defendant AIR METHODS
                        CORPORATION, in his/her capacity as its
                        Associate General Counsel

15

16   APPROVED AS TO FORM AND CONTENT:

17                           HUNTER PYLE LAW

18

19   DATE:_____

      _____

20                           HUNTER PYLE
                        Attorney for Plaintiff

21

22                           OLIVIER SCHREIBER & CHAO LLP

23

24   DATE:_____

      _____

25                           MONIQUE OLIVIER
                        Attorneys for Plaintiff

26

27

28

                          29

1

2    DATE:_____

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FISHER & PHILLIPS LLP

LONNIE D. GIAMELA
CHRISTOPHER M. AHEARN
SEAN T. KINGSTON
Attorneys for Defendant AIR METHODS
CORPORATION

30