**HUNTER PYLE, SBN 191125**
**KATHERINE FIESTER, SBN 301316**
HUNTER PYLE LAW
428 Thirteenth Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
hunter@hunterpylelaw.com
kfiester@hunterpylelaw.com

**MONIQUE OLIVIER, SBN 190385**
**KATHARINE CHAO, SBN 247571**
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, California 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758
monique@osclegal.com
kathy@osclegal.com

Attorneys for Plaintiff EVAN TOOLAJIAN and the Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| EVAN TOOLAJIAN on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>AIR METHODS CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-cv-06722-AGT<br><br>[PROPOSED] **ORDER GRANTING PLAINTIFF'S MOTIONS FOR (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (2) ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD [AS MODIFIED]**<br><br>Date:     July 31, 2020<br>Time:    10:00 a.m.<br>Ctrm.:    A, 15th Floor<br>Judge:   Hon. Alex G. Tse |

Case No.: 3:18-cv-06722-AGT
**ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES [AS MODIFIED]**

These matters came on for hearing via Zoom video conference on July 31, 2020, at 10:00 a.m., before the Honorable Alex G. Tse of the United States District Court for the Northern District of California.  Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, having reviewed the record in the above captioned matter, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), Evan Toolajian ("Class Representative"), Defendant Air Methods Corporation ("AMC" or "Defendant"), and all members of the Class, which is defined as follows:

> All current and former Pilots employed by Air Methods Corporation in California at any time during September 20, 2014 to April 24, 2020.

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Amended Joint Stipulation of Class Action Settlement and Release filed by the Class Representative on April 3, 2020 (Dkt. No. 53), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

3. The Court grants final approval of the Settlement Agreement because it meets the criteria for final settlement approval.  The Settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Class fairly.

4. The Court finds that the distribution by U.S. first-class mail of the Class Notice constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Notice to the Class was adequate.  The Notice informed members of the Class of the terms of the Settlement, their right to object to the Settlement or Plaintiff's Motion for Attorneys' Fees and Costs and the Class Representative's Service Award, their right to appear

in person or by counsel at the Final Approval Hearing, and their right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures.

5. The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Class, as defined above. Because the Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6. The Court approves the Settlement and the Released Claims and other terms set forth in the Settlement Agreement as fair, reasonable and adequate. The Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. Except as to any individual member of the Class who has validly and timely opted out of the Settlement, all of the claims asserted in the Action are dismissed with prejudice. The Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order.

8. By this Judgment, the Class Representative and each member of the Class who has not validly and timely requested exclusion from the Settlement by opting out, hereby release AMC and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as those terms are defined in the Settlement Agreement).

9. The Action is dismissed on the merits and with prejudice, permanently barring the Participating Class Members from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representative, the Class, and AMC for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

10. The Court finds that the plan of allocation for the shares of the Gross Settlement Amount as set forth in the Settlement Agreement is fair and reasonable, and that distribution of the Net Settlement Amount shall be done in accordance with the terms outlined in the Notice and Settlement Agreement.

11. The Court hereby orders the appointment of Plaintiff Evan Toolajian as Class Representative for the Class for purposes of settlement.

12. The Court hereby orders the appointment of Hunter Pyle of Hunter Pyle Law and Monique Olivier and Katharine Chao of Olivier Schreiber & Chao LLP as Class Counsel for purposes of settlement.

13. The Settlement Administrator shall pay from the Gross Settlement Amount: (i) the Settlement Administrator for its reasonable fees for its services; and (ii) the Service Award to the Class Representative to reimburse him for his valuable services to the Settlement Class. The Court hereby approves the payment of settlement administration costs in the amount of **$7,000** to Simpluris, Inc., the Settlement Administrator, for services rendered in this matter. The Court also approves the Service Award to the Class Representative in the amount of **$10,000** for his valuable services in initiating and maintaining this litigation, the risks he undertook in bringing this Action, and the benefits conferred onto the Settlement Class. The Court finds that these payments are fair and reasonable. The Settlement Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

14. The Court hereby awards to Class Counsel the amount of **$490,000** for attorneys' fees, and the amount of **$12,406.54** for costs. Based on Plaintiff's Motion for Attorneys' Fees, Costs, and Class Representative Service Award (Dkt. No. 55), the Court finds that Class Counsel advanced legal theories on a contingent-fee basis, that their efforts resulted in a substantial monetary recovery for the Class, and that the requested attorneys' fees awarded are reasonable. The Court finds this payment to be fair and reasonable. The Settlement Administrator is ordered to wire these funds to Class Counsel in accordance with the terms of the Settlement Agreement.

15. This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: July 31, 2020

_____
ALEX G. TSE
United States Magistrate Judge